UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                     )
IN RE: ZOFRAN (ONDANSETRON)          )
PRODUCTS LIABILITY LITIGATION        )   MDL No. 1:15-md-2657-FDS
                                     )
This Document Relates to:            )
                                     )
KIERRA SIMMONS, et al., v.           )
GLAXOSMITHKLINE LLC,                 )
1:15-cv-13760-FDS                    )
_____)

### MEMORANDUM AND ORDER ON DEFENDANT'S MOTION TO DISMISS AND PLAINTIFFS' MOTION TO REMAND

**SAYLOR, J.**

This case is one of many consolidated in a multi-district litigation proceeding arising out of claims that the use of the drug Zofran (ondansetron) by pregnant women caused birth defects. Plaintiffs Kierra Simmons, Tia Hancock, Joanna Tyler, and Dawn Barchiesi originally filed suit in Missouri state court against defendant GlaxoSmithKline, LLC ("GSK") alleging that their use of Zofran during pregnancy caused congenital heart defects in their children. GSK removed the action to the United States District Court for the Eastern District of Missouri and moved to dismiss the claims of three of the plaintiffs for lack of personal jurisdiction. Plaintiffs moved to remand the case for lack of subject-matter jurisdiction due to a lack of complete diversity of citizenship among the parties. The Missouri state court stayed the case pending its transfer to this district by the Judicial Panel for Multidistrict Litigation for consolidation pursuant to 28 U.S.C. § 1407.

Plaintiffs have now renewed their motion to remand. GSK opposes remand on the ground that the Court should first decide the question of personal jurisdiction raised by its

motion to dismiss before deciding the question of subject-matter jurisdiction. In the alternative, GSK contends that complete diversity exists based on the doctrines of fraudulent joinder and procedural misjoinder. For the following reasons, defendant's motion to dismiss the claims of plaintiffs Hancock, Tyler, and Barchiesi will be granted, and plaintiffs' motion to remand will be denied.

**I.      Background**

Defendant GlaxoSmithKline, LLC manufactures the drug ondansetron under the brand name Zofran. Zofran was first approved in 1991 for the prevention of post-operative nausea and vomiting associated with anesthesia and for nausea and vomiting caused by radiotherapy and chemotherapy. In addition to those approved uses, GSK is alleged to have marketed Zofran "off-label" for pregnancy-related nausea and vomiting, commonly known as "morning sickness."

Plaintiffs in this multidistrict litigation allege that Zofran was in fact unsafe for use in pregnant women, and that *in utero* exposure to Zofran caused birth defects in children born to mothers who took the drug. This particular action involves the claims of four plaintiffs: Kierra Simmons, Tia Hancock, Joanna Tyler, and Dawn Barchiesi. All four plaintiffs bring eight counts against defendant GSK arising out of congenital heart defects suffered by their children and allegedly caused by the plaintiffs' use of name-brand Zofran during pregnancy.

The specific complaint at issue here was filed in state court in Missouri, removed to federal court, and then transferred to this MDL proceeding. Although filed in Missouri, the complaint asserts that only one of the four plaintiffs—Kierra Simmons—is a Missouri citizen. The complaint alleges that Tia Hancock is a citizen of Delaware; Joanna Tyler is a citizen of North Carolina; and Dawn Barchiesi is a citizen of Pennsylvania. All four have asserted similar

and parallel product-liability claims against GSK, but those claims are otherwise unrelated.[1] GSK is a limited liability company with one member, GlaxoSmithKline Holdings, Inc., which is a Delaware corporation.[2]

## II.   Analysis

By statute, federal district courts have original jurisdiction over civil actions between citizens of different states when the amount in controversy exceeds $75,000.  28 U.S.C. § 1332. "This statutory grant requires *complete* diversity between the plaintiffs and defendants in an action."  *Picciotto v. Continental Cas. Co.*, 512 F.3d 9, 17 (1st Cir. 2008) (citing *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267 (1806); *Halleran v. Hoffman*, 966 F.2d 45, 47 (1st Cir. 1992)).

Plaintiffs contend that the case should be remanded to state court because the presence of a Delaware plaintiff (Hancock) and a Delaware defendant (GSK) means that there is not complete diversity between the parties.  GSK, however, argues that the issue is not as straightforward as it appears.  First, GSK contends that the Court should decide the issue of personal jurisdiction raised by its motion to dismiss before turning to the issue of subject-matter jurisdiction.  Second, GSK contends that even if the Court first considers subject-matter jurisdiction, the doctrines of fraudulent joinder and procedural misjoinder preclude a finding that the parties are not diverse.

### A.   Order of Analysis

The initial question is which jurisdictional question should be decided first.  When a party challenges both personal jurisdiction and subject-matter jurisdiction, there is no hard-and-

---

[1] The four plaintiffs are joined pursuant to Rule 52.05 of the Missouri Rules of Civil Procedure, which permits the joinder of plaintiffs asserting claims "arising out of the same transaction, occurrence or series of transactions or occurrences and if any question of law or fact common to all of them will arise in the action."

[2] The parties do not dispute that GSK is a citizen of Delaware for diversity purposes.

3

fast rule dictating the order in which the district court must decide those issues. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584-88 (1999). In cases where subject-matter jurisdiction "involve[s] no arduous inquiry, . . . both expedition and sensitivity to state courts' coequal stature should impel the federal court to dispose of that issue first." *Id.* at 587-88. However, if "a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question," then the court may address personal jurisdiction first. *Id.* at 588.

In this case, considerations of judicial economy strongly suggest resolving the issue of personal jurisdiction ahead of subject-matter jurisdiction. Resolution of the question of subject-matter jurisdiction necessarily involves an assessment of GSK's contention that the three non-Missouri plaintiffs were either fraudulently joined or procedurally misjoined. "[T]he possibility of fraudulent joinder can make the subject matter jurisdiction analysis 'rather complicated,' especially if the inquiry involves 'the more unusual question of 'fraudulent joinder' of a plaintiff.'" *In re Testosterone Replacement Therapy Products Liab. Litig. Coordinated Pretrial Proceedings*, 2016 WL 640520, at *3 (N.D. Ill. Feb. 18, 2016) (quoting *Foslip Pharm., Inc. v. Metabolife Int'l, Inc.*, 92 F. Supp. 2d 891, 899 (N.D. Iowa 2000)). The application of the doctrine of procedural misjoinder involves similarly complicated questions of law. *See Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co.*, 813 F. Supp. 2d 242, 246 (D. Mass. 2011) ("The [First Circuit] has not adopted or addressed the doctrine, and the only district courts within the First Circuit that have addressed the issue have declined to apply it.").[3] Both inquiries are made even more complicated where, as here, the alleged joinder deficiency is based not on

---

[3] "[Q]uestions of law in MDL-transferred cases are governed by the law of the transferee court." *In re Fresenius Granuflo/Naturalyte Dialysate Products Liab. Litig.*, 76 F. Supp. 3d 321, 327 (D. Mass. 2015); *In re Korean Air Lines Disaster of September 1, 1983*, 829 F.2d 1171, 1174 (D.C. Cir. 1987).

the merits of the underlying claim, but on the ability of the Court to exercise personal jurisdiction over the defendant against whom the claim is made. Thus, the Court will first turn to GSK's contention that it is not subject to personal jurisdiction as to the claims of the three non-Missouri plaintiffs.

### B.  Personal Jurisdiction

When a district court considers a motion to dismiss for lack of personal jurisdiction without first holding an evidentiary hearing, a *prima facie* standard governs its determination. *United States v. Swiss American Bank*, 274 F.3d 610, 618 (1st Cir. 2001). In conducting a *prima facie* analysis, the court is required to take specific facts affirmatively alleged by the plaintiff as true (whether or not disputed), construing them in the light most favorable to the plaintiff; the court, however, should not credit "conclusory allegations or draw farfetched inferences." *Ticketmaster–New York v. Alioto*, 26 F.3d 201, 203 (1st Cir. 1994). Although the court will construe the facts in the light most favorable to the plaintiff in a motion to dismiss, the plaintiff still has the burden of demonstrating each jurisdictional requirement. *See Swiss American Bank*, 274 F.3d at 618.

In a multidistrict litigation, a transferee court has personal jurisdiction over a defendant only if the transferor court would have had jurisdiction. *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (Jud. Pan. Mult. Lit. 1976) ("Following a transfer, the transferee judge has all the jurisdiction and powers over pretrial proceedings in the actions transferred to him that the transferor judge would have had in the absence of transfer."). "In determining whether a non-resident defendant is subject to its jurisdiction, a federal court exercising diversity jurisdiction is the functional equivalent of a state court sitting in the forum state." *Daynard v. Ness, Motley, Loadholt, Richardson & Poole, P.A.*, 290 F.3d 42, 51 (1st Cir. 2002) (quoting *Sawtelle v. Farrell*, 70 F.3d 1381, 1387 (1st Cir.1995)) (citation and internal quotation marks omitted). This

5

case was transferred from United States District Court for the Eastern District of Missouri; therefore, this Court may exercise personal jurisdiction over a defendant only to the same extent that the state court in Missouri could have exercised such jurisdiction.

The exercise of personal jurisdiction over a defendant must be authorized by statute and be consistent with the due process requirements of the United States Constitution. *Nowak v. Tak How Invs., Ltd.*, 93 F.2d 708, 712 (1st Cir. 1996). "A district court may exercise authority over a defendant by virtue of either general or specific jurisdiction." *Massachusetts Sch. of Law at Andover, Inc. v. American Bar Ass'n*, 142 F.3d 26, 34 (1st Cir. 1998). A defendant may also consent to personal jurisdiction in a forum where jurisdiction would not otherwise exist. *See General Contracting & Trading Co., LLC v. Interpole, Inc.*, 940 F.2d 20, 22 (1st Cir. 1991).

### 1. General Jurisdiction

"A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (citing *International Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement*, 326 U.S. 310 (1945)). The parties do not dispute that GSK's sole member, GlaxoSmithKline Holdings, Inc., is incorporated in Delaware and maintains its principal place of business there. The Supreme Court has indicated that a foreign corporation will be deemed "at home" based on its operations in a forum other than its formal place of incorporation or principal place of business only in an "exceptional case." *See Daimler AG v. Bauman*, 134 S. Ct. 746, 761 n.19 (2014) (internal citations omitted).

The complaint here contains no allegations suggesting that GSK's operations in Missouri are so "continuous and systematic" as to render this an "exceptional case"; rather, it appears that GSK simply markets and sells the product in Missouri, as it presumably does in the other 49

states. *See id.* at 761 ("[T]he exercise of general jurisdiction in every State in which a corporation 'engages in a substantial, continuous, and systematic course of business . . . [would be] unacceptably grasping.").

## 2. Consent to Jurisdiction

Plaintiffs further contend that GSK is subject to general jurisdiction in Missouri because it has "consented" to that jurisdiction by appointing a registered agent for service of process in Missouri as required by statute. *See* Mo. Rev. Stat. § 351.586. The relevant portion of the Missouri statute for service on a foreign corporation provides:

> The registered agent of a foreign corporation authorized to transact business in this state is the corporation's agent for service of process, notice, or demand required or permitted by law to be served on the foreign corporation. . . .

Mo. Rev. Stat. § 351.594. Courts that have considered the issue have reached differing conclusions, particularly in the Eastern District of Missouri. *Compare Keeley v. Pfizer Inc.*, 2015 WL 3999488 (E.D. Mo. Jul. 1, 2015) (no consent to personal jurisdiction based on Missouri statutes requiring appointment of registered agent), *and Neeley v. Wyeth LLC*, 2015 WL 1456984 (E.D. Mo. Mar. 30, 2015) (same), *with Chalkey v. SmithKline Beecham Corp.*, 2016 U.S. Dist. LEXIS 21462 (E.D. Mo. Feb. 23, 2016) (upholding personal jurisdiction based on consent), *and Trout v. SmithKline Beecham*, 2016 WL 427960 (E.D. Mo. Feb. 4, 2016) (same).

It nonetheless appears clear that such a finding would distort the language and purpose of the Missouri registration statute and would be inconsistent with the Supreme Court's ruling in *Daimler*, 134 S. Ct. 746. The recent opinion of the Second Circuit in *Brown v. Lockheed Martin Corp.* on this issue is persuasive:

> [Plaintiff's] interpretation of Connecticut's registration statute is expansive. It proposes that we infer from an ambiguous statute and the mere appointment of an agent for service of process a corporation's consent to general jurisdiction, creating precisely the result that the Court so roundly rejected in *Daimler*. It appears that every state in the union—and the District of Columbia, as well—has

7

> enacted a business registration statute. *See* Tanya J. Monestier, *Registration Statutes, General Jurisdiction, and the Fallacy of Consent*, 36 Cardozo L.Rev. 1343, 1363–65 & nn. 109 & 111–12 (2015) (listing statutes). States have long endeavored to protect their citizens and levy taxes, among other goals, through this mechanism. If mere registration and the accompanying appointment of an in-state agent—without an express consent to general jurisdiction—nonetheless sufficed to confer general jurisdiction by implicit consent, every corporation would be subject to general jurisdiction in every state in which it registered, and *Daimler's* ruling would be robbed of meaning by a back-door thief.

814 F.3d 619, 640 (2d Cir. 2016). As with the Connecticut statute at issue in *Brown*, the Missouri statute does not mention consent to personal jurisdiction in Missouri courts at all, much less provide for explicit consent to personal jurisdiction for claims based on conduct and injuries arising outside of Missouri.[4] Accordingly, GSK did not consent to personal jurisdiction in Missouri by appointing a registered agent for service of process in the state.

### 3.     Specific Personal Jurisdiction

"Specific jurisdiction exists when there is a demonstrable nexus between a plaintiff's claims and a defendant's forum-based activities." *Massachusetts Sch. of Law*, 142 F.3d at 34 (citations omitted). The parties do not dispute that specific personal jurisdiction over GSK exists in Missouri for the claims brought by plaintiff Simmons, who is a Missouri resident.

However, "[q]uestions of specific jurisdiction are always tied to the particular claims asserted." *Phillips Exeter Acad. v. Howard Phillips Fund*, 196 F.3d 284, 289 (1st Cir. 1999) (citing *United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant Street Corp.*, 960 F.2d 1080, 1089 (1st Cir. 1992) ("[T]he defendant's in-state conduct must form an 'important, or [at least] material, element of proof' in the plaintiff's case")). The complaint falls far short of establishing any nexus between the non-Missouri plaintiffs' claims and GSK's Missouri-based

---

[4] As the *Brown* court noted, "The inclusion of this phrase ('permitted by law') and the omission of any specific reference to 'general jurisdiction,' to our reading, differentiates Connecticut's registration statute from others that have been definitively construed to convey a foreign corporation's consent to general jurisdiction." *Brown*, 814 F.3d at 637.

activities. Unlike plaintiff Simmons, the non-Missouri plaintiffs do not allege that they were prescribed Zofran in Missouri, took Zofran in Missouri, or that their children suffered injuries in Missouri. Nor do they allege any facts connecting the conduct of GSK in Missouri, if any, to their own claims. Thus,to the extent that the claims of the non-Missouri plaintiffs relate to GSK's conduct in Missouri, they do so "only in the abstract or by analogy." *In re Testosterone Replacement Therapy*, 2016 WL 640520, at *5. It is therefore clear that a Missouri court would not have specific personal jurisdiction over the claims brought by those out-of-state plaintiffs.[5]

### 4. Conclusion

Although the Court has specific personal jurisdiction over GSK for the claims brought by plaintiff Kierra Simmons, there is no basis for personal jurisdiction over GSK for the claims brought by the non-Missouri plaintiffs. Accordingly, GSK's motion to dismiss will be granted as to the claims of plaintiffs Tia Hancock, Joanna Tyler, and Dawn Barchiesi.

## C. Subject-Matter Jurisdiction

With the dismissal of plaintiffs Hancock, Tyler, and Barchiesi, the only remaining plaintiff is Kierra Simmons. The parties do not dispute that she is a citizen of Missouri for diversity purposes, and, as noted, the parties also do not dispute that GSK is a citizen of Delaware. Thus, there is complete diversity among the parties and the Court therefore has subject-matter jurisdiction over the dispute. Plaintiff's motion to remand will be denied.[6]

## III. Conclusion

For the foregoing reasons, defendant's motion to dismiss for lack of personal jurisdiction

---

[5] Although plaintiffs have not specifically requested that it do so, the Court declines to adopt the doctrine of pendent personal jurisdiction for the reasons outlined in *In re Testosterone Replacement Therapy*, 2016 WL 640520, at *5-6.

[6] The presence of complete diversity following the dismissal of the non-Missouri plaintiffs makes it unnecessary for the Court to reach the issues surrounding defendant's argument that those plaintiffs' joinder was either fraudulent or procedurally improper.

is GRANTED without prejudice as to the claims of plaintiffs Tia Hancock, Joanna Tyler, and Dawn Barchiesi. Plaintiffs' motion to remand is DENIED.

**So Ordered.**

|  |  |
|---|---|
| Dated:  May 4, 2016 | /s/ F. Dennis Saylor<br>F. Dennis Saylor IV<br>United States District Judge |