**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| **IN RE: ZOFRAN® (ONDANSETRON) PRODUCTS LIABILITY LITIGATION** | MDL No. 1:15-md-2657-FDS<br><br>This document relates to:<br><br>*Simmons et al. v. GlaxoSmithKline LLC*, Case No. 15–13760 |

**DEFENDANT GLAXOSMITHKLINE LLC'S OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY COURT'S ORDER DENYING REMAND FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. 1292(b)**

Plaintiffs' Motion falls far short of the exacting standard for certification of an interlocutory appeal, which the First Circuit has observed should be "hen's-teeth rare." *Camacho v. P.R. Ports Auth.*, 369 F.3d 570, 573 (1st Cir. 2004). This Court's May 4, 2016, Memorandum and Order on Defendant's Motion to Dismiss and Plaintiffs' Motion to Remand (Doc. 48) (the "Order") does not involve a controlling question of law as to which there is a substantial ground for difference of opinion. Instead, it is a prototypical exercise of judicial discretion involving application of well-settled United States Supreme Court precedent, made after a careful review of the existing record. In addition, interlocutory appeal of this ruling would delay, rather than advance, the ultimate termination of this litigation. Accordingly, certification for interlocutory review is unwarranted. Moreover, Plaintiffs waited more than two months to file the Motion, and offer no explanation for the delay. This delay provides an independent ground to deny Plaintiffs' Motion.[1]

---

[1] For purposes of this Opposition, GSK adopts the Court's description of the factual background and procedural history of this case set forth in pages 1-3 of the Order.

## I.     LAW AND ARGUMENT

### A.     Plaintiffs' Motion for Certification Should Be Denied Because the Proposed Appeal Fails Section 1292(b)'s Requirements.

"By their nature, interlocutory appeals are disruptive, time-consuming, and expensive." *Waste Mgmt. Holdings, Inc. v. Mowbray*, 208 F.3d 288, 294 (1st Cir. 2000). Accordingly, "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984).

The Court may certify an order for review under § 1292(b) only if all of the following criteria are met: (1) the order "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" regarding that question of law; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005) (listing criteria). Even if all the criteria are met, it is still within the court's discretion whether to allow an application for appeal to the First Circuit. *Blue Cross & Blue Shield of R.I. v. Korsen*, 746 F. Supp. 2d 375, 387 (D.R.I. 2010). The party seeking the appeal bears the "'heavy burden' of convincing the court that 'exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment.'" *See United Air Lines, Inc. v. Gregory*, 716 F. Supp. 2d 79, 89 (D. Mass. 2010) (quoting *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

Plaintiffs claim that "the appropriate order in which to address subject matter and personal jurisdiction when both issues are raised" is an appropriate legal question for interlocutory review. (Pls. Mot. at 1, Doc. 59). It is not. Plaintiffs' proposed appeal fails

1292(b)'s requirements because (1) there is no difference of opinion regarding the law governing this question; (2) the question is not a pure question of law; and (3) certification would only delay, not advance, the ultimate termination of the litigation.

> 1. There Is No Difference of Opinion Regarding the Law Governing the Legal Question Proposed for Appeal.

Plaintiffs incorrectly argue that there are "substantial grounds" for difference of opinion "concerning the procedural order to address subject-matter and personal jurisdiction." (Pls. Br. at 7, Doc. 60). To the contrary, the legal standard is clear. The United States Supreme Court has repeatedly held that "there is no unyielding jurisdictional hierarchy," such that district courts may choose among threshold jurisdictional issues. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999); *see also Sinochem Int'l Co. Ltd. v. Malaysia Int'l. Shipping Corp.*, 549 U.S. 422, 431 (2007) ("*Ruhrgas* held that there is no mandatory 'sequencing of jurisdictional issues.'") (citing *Ruhrgas*); *Lance v. Coffman*, 549 U.S. 437, 439 n.* (2007) ("'[T]here is no unyielding jurisdictional hierarchy.'") (citing *Ruhrgas*). The First Circuit has likewise recognized that "while 'subject-matter jurisdiction necessarily precedes a ruling on the merits, the same principle does not dictate a sequencing of jurisdictional issues,' and a court may 'choose among threshold grounds for denying audience to a case on the merits.'" *In re Middlesex Power Equip. & Marine, Inc.*, 292 F.3d 61, 66 n.1 (1st Cir. 2002) (quoting *Ruhrgas*, 526 U.S. at 584-85); *Mills v. Harmon Law Offices, P.C.*, 344 F.3d 42, 46 n.2 (1st Cir. 2003) (same). Other circuits are in accord.[2]

---

[2] *See, e.g.*, *In re Facebook, Inc., Initial Pub. Offering Derivative Litig.*, 797 F.3d 148, 155 (2d Cir. 2015) (quoting *Ruhrgas* for the proposition that "in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy"); *Wolstenholme v. Bartels*, 511 F. App'x 215, 217 (3d Cir. 2013) (recognizing that, under *Ruhrgas*, a court may "choose among threshold grounds for denying audience to a case on the merits"); *In re LimitNone, LLC*, 551 F.3d 572, 576 (7th Cir. 2008) (same); *Lolavar v. de Santibanes*, 430 F.3d 221, 227 (4th Cir. 2005) (citing *Ruhrgas'* holding that "there is no unyielding jurisdictional hierarchy," and holding that court properly elected to first consider

Given this standard, the Supreme Court has concluded that it is well within a court's discretion to "turn[] directly to personal jurisdiction" when the issue is "straightforward." *See Ruhrgas*, 526 U.S. at 588. This Court properly referenced this controlling authority in the Order, when it decided to address the straightforward issue of personal jurisdiction at the outset. (*See* Order at 4 ("[I]f 'a district court has before it a straightforward personal jurisdiction issue presenting no complex questions of state law, and the alleged defect in subject-matter jurisdiction raises difficult and novel questions,' then the court may address personal jurisdiction first.") (quoting *Ruhrgas*, 526 U.S. at 588)).[3]

Despite the wealth of consistent authority applying *Ruhrgas*, Plaintiffs attempt to manufacture a "substantial difference of opinion" by noting that courts "have adopted different approaches," with some addressing personal jurisdiction first and others turning first to subject matter jurisdiction. (Pls. Br. at 7-10). But these differing approaches are simply differing results, and thus do not support Plaintiffs' view that there is "confusion among the courts." (Pls. Br. at 10). Accordingly, they are not indicative of a difficult and pivotal unsettled question of law, deserving of interlocutory review. Instead, the approaches are entirely consistent with Supreme Court and First Circuit precedent that courts *may choose* which jurisdictional issue to decide first based on the facts at hand. The cases cited in Plaintiffs' brief acknowledge this discretionary analysis. (*See, e.g.*, Pls. Br. at 8 ("Colleagues in this District have repeatedly *exercised their discretion* in deciding whether to consider personal jurisdiction or subject matter jurisdiction in

---

issue of personal jurisdiction before subject matter jurisdiction); *Crawford v. F. Hoffman-La Roche Ltd.*, 267 F.3d 760, 764 (8th Cir. 2001) (citing *Ruhrgas* for the proposition that "certain threshold issues, such as personal jurisdiction, may be taken up without a finding of subject-matter jurisdiction"); *Carey v. Sub Sea Int'l, Inc.*, 211 F.3d 594, at *2 (5th Cir. 2000) (citing *Ruhrgas* for the principle that a court "does not abuse its discretion by turning directly to personal jurisdiction" and affirming the court's decision to address personal jurisdiction before subject matter jurisdiction).

[3] Notably, Plaintiffs' Motion fails to discuss the Court's conclusion that "considerations of judicial economy strongly suggest resolving the issue of personal jurisdiction ahead of subject matter jurisdiction," given the "complicated" question of subject matter jurisdiction. (Order at 4-5, Doc. 48).

the first instance . . . to consider subject matter jurisdiction first.") (emphasis added); *id*. at 8-9 ("concluding district court acted *within [its] discretion when it elected to* dispose of personal jurisdiction question prior to reaching question of subject matter jurisdiction"). (emphasis added). Not one of the many cases discussed in Plaintiffs' brief conflicts with *Ruhrgas'* holding that a court has discretion to turn first to personal jurisdiction.

When viewed against this backdrop, it is clear that Plaintiffs' proposed appeal does not seek to clarify an unsettled legal principle. Nor could it—there is nothing to clarify. Even if, instead, Plaintiffs were to shift their argument to contend that by deciding personal jurisdiction first, the Court misapplied the Supreme Court's holding in *Ruhrgas* to the facts at issue, certification would remain unavailable. The question for Section § 1292(b) certification, however, "must relate to the actual legal principle itself, not the application of that principle to a particular set of facts." *United Air Lines, Inc. v. Gregory*, 716 F. Supp. 2d 79, 92 (D. Mass. 2010). Arguments that a court misapplied settled law fall short of the threshold for a § 1292(b) appeal. *See In re Jackson Brook Inst., Inc.,* 280 B.R. 1, 8 (D. Me. 2002) ("[A] claim of misapplied law, coupled with a claim of a dispute among the circuits, is not the stuff of which interlocutory appeals are made . . . ."). Plaintiffs' Motion should accordingly be denied.

        2.      *The Issue for which Plaintiffs Seek Appellate Review Is Not One of Pure Law*.

To the extent Plaintiffs take issue with the Court's application of the legal standard set forth in *Ruhrgas*—rather than the legal standard itself—the proposed appeal fails to raise a purely legal question. "A legal issue is suitable for interlocutory review only if it raises a 'pure question of law' rather than 'merely … an issue that might be free from a factual contest.'" *United Air Lines*, 716 F. Supp. 2d at 91 (quoting *Ahrenholz v. Bd. of Trs.*, 219 F.3d 674, 676-77 (7th Cir. 2000)). "[W]hat the framers of § 1292(b) had in mind is more of an abstract legal issue

5

or what might be called one of pure law, matters the court of appeals can decide quickly and cleanly without having to study the record." *S. Orange Chiropractic Ctr., LLC v. Cayan LLC*, No. 15-13069-PBS, 2016 WL 3064054, at *2 (D. Mass. May 31, 2016) (internal quotations and citations omitted).

Here, whether the Court appropriately exercised its discretion to resolve personal jurisdiction before subject matter jurisdiction is not "an abstract legal issue," but rather a discretionary decision based on the specific jurisdictional facts before the court. Such fact-based, discretionary decisions are not suitable for interlocutory review. *In re Swann Ltd. P'ship*, 128 B.R. 138, 141 (D. Md. 1991) (citing *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 477 n.30 (1978) ("interlocutory appeals from discretionary rulings are 'plainly inconsistent with the policies promoted by § 1292(b)'"); *see also In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 536 (S.D.N.Y. 2014) ("[Q]uestions regarding application of the appropriate law to the relevant facts are generally not suitable for certification under § 1292(b).") (internal quotations and citations omitted); *DRFP, LLC v. Republica Bolivariana de Venezuela*, 945 F. Supp. 2d 890, 918 (S.D. Ohio 2013) ("A legal question of the type envisioned in § 1292(b), however, generally does not include matters within the discretion of the trial court.") (internal quotations and citations omitted).[4]

---

[4] Plaintiffs' brief focuses only on whether the proposed issue for appeal is "controlling," and fails to discuss the requirement that the issue be a "controlling question of *law*." Moreover, the cases on which Plaintiffs rely to support their argument that the proposed issue is "controlling" are inapposite. In each case, the issue for appeal was a pure legal question that, had the district court interpreted differently, would have directly resulted in the termination of some or all of the litigation. *See*, *e.g.*, *Linville v. ConAgra, Inc.*, No. 1:04-cv-00004, 2004 WL 3167119, at *6 (E.D. Ark. May 19, 2004); (Pls. Br. at 7-10). In *Linville*, the court denied the plaintiffs' motion to remand, finding there to be diversity jurisdiction on account of the fraudulently joined, nondiverse defendant. *Id.* at *2. The controlling question was whether, under Arkansas law, the nondiverse defendant could be held liable under the plaintiffs' theory of recovery. *Id.* Had the court ruled to the contrary (*i.e.*, that the nondiverse defendant was indeed a proper party under the law), it would have lacked diversity jurisdiction and been forced to order remand. *See id.* at *2-3. The facts of *Linville*, as well as the facts of the other cases in Plaintiffs' brief, are, therefore, unlike those underlying this Motion. Here, Plaintiffs do not dispute the validity of any legal conclusion by

      *3.*    *An Immediate Appeal Will Not Advance the Ultimate Termination of This Litigation.*

Only issues that materially advance the ultimate termination of the litigation should be certified for interlocutory appeal. *Caraballo-Seda v. Municipality of Hormigueros*, 395 F.3d 7, 9 (1st Cir. 2005). Where the "reversal of this Order by the Court of Appeals would not bring this action to a close," but rather "reinvigorate the litigation," a § 1292(b) appeal is inappropriately granted. *Vimar Seguros Y Reaseguros, S.A. v. M/V Sky Reefer*, No. 91-13445 WF, 1993 WL 137483, at *6 (D. Mass. Apr. 19, 1993). Plaintiffs' Motion only seeks to "reinvigorate" this litigation by adding back in claims of the non-Missouri plaintiffs that the Court properly dismissed for lack of personal jurisdiction.

Moreover, Plaintiffs' argument that interlocutory appeal "will materially advance the termination of this case," preserving "the Court's and the parties' resources," is conjectural, at best. (Pls. Br. at 11). Plaintiffs appear to assume that, in the unlikely event the First Circuit reverses this Court, the case will be remanded to state court. This ignores that, in addition to its personal jurisdiction argument, GSK also argued that joinder of the non-Missouri plaintiffs was both fraudulent and procedurally improper. The Court did not reach these arguments in its Order. (*See* Order at 9, n.6). Plaintiffs' conjecture that they might be successful should the Court reach these arguments in the future is insufficient to meet their burden. *See Johnson v. Watts Regulator Co.*, No. 92-508-JD, 1994 WL 421112, at *2 (D.N.H. Aug. 11, 1994) (denying appeal where the "claim that an interlocutory appeal would advance the ultimate termination of the litigation is conjecture."); *see also Bank of N.Y. v. Hoyt*, 108 F.R.D. 184, 189 (D.R.I. 1985) ("[T]he moving

---

this Court; they instead take issue with "whether it is *appropriate* to first address subject-matter jurisdiction." (Pls. Br. at 6). And even if this Court were to have deemed it appropriate under the circumstances (a matter of discretion), this decision would not necessarily have terminated the litigation. The next step would have been to consider GSK's fraudulent and procedural misjoinder arguments. In other words, unlike the cited cases, this Court's decision to review personal jurisdiction prior to subject matter jurisdiction was neither "controlling" nor a "question or law."

party should come forward with something more than mere conjecture in support of his claim that certification may save the court and the parties substantial time and expense.") (internal quotations and citations omitted).

### B. Plaintiffs' Motion Is Not Timely, and Plaintiffs Offer No Excuse for Their Delay in Filing.

Plaintiffs' Motion should be denied for the independent reason that it is untimely. Section 1292(b) does not set an explicit time limit by which a party must file a motion to certify. However, it refers to an "immediate appeal" and requires that an application to appeal be filed in the Court of Appeals within ten days after the entry of an order containing a certification for interlocutory appeal. 28 U.S.C. § 1292(b). "In the context of requests for interlocutory appeals, timely requests for certification are calculated in days, not months." *Fabricant v. Sears Roebuck & Co.*, No. 98-1281, 2001 WL 883303, at *1 (S.D. Fla. Jan. 29, 2001) (collecting cases). Accordingly, courts have considered timeliness as a threshold issue. *See Richardson Elecs., Ltd. v. Panache Broad. of Pa., Inc.*, 202 F.3d 957, 958 (7th Cir. 2000) (addressing timeliness issues before turning the merits of the appeal); *Hypertherm, Inc. v. Am. Torch Tip Co.*, No. 05–cv–373–JD, 2008 WL 1767062, at *1 (D.N.H. April 15, 2008) (same).

District courts "should not grant an inexcusably dilatory request" for certification of an order for interlocutory appeal. *Richardson Elecs.*, 202 F.3d at 958 (citing *Weir v. Propst*, 915 F.2d 283, 287 (7th Cir. 1990)); *see also Scanlon v. M.V. Super Servant 3*, 429 F.3d 6, 10 (1st Cir. 2005) (noting that the district court denied as untimely "dilatory motion for interlocutory appeal"). Delay may be permissible "if developments since the interlocutory order had been entered demonstrated, as had been unclear earlier, that the order resolved a controlling question of law about which there was a substantial ground for a difference of opinion." *See Weir*, 915

F.2d at 287. However, permitting appeal when the delay in seeking certification was "gratuitous" would undermine the statutory limitations for interlocutory appeals. *See id.* at 287.

Numerous courts have held that delays in seeking certification—like Plaintiffs' two-month delay in this case—doom requests for interlocutory appeal. For example, in *Richardson Electronics*, the Seventh Circuit held that a two-month delay in seeking certification was inexcusably dilatory and "was sufficient grounds for [the Seventh Circuit] to refuse [its] permission to appeal," in spite of the defendant offering an excuse for the delay. 202 F.3d at 958. There, the defendant argued that it needed two months to familiarize itself with the case that had been largely dormant for nine years. The Court found this excuse to be "patently inadequate." *Id.*

Similarly, in *Morton College Board of Trustees*, the district court found that a thirty-day delay in moving to certify was inexcusable. *Morton Coll. Bd. of Trs. v. Town of Cicero*, 25 F. Supp. 2d 882, 885 (N.D. Ill. 1998). There, the defendant argued that it was unable to timely file the motion to certify because it was simultaneously preparing another motion. *Id*. The court found that reason "insufficient to justify the delay" and denied the motion as untimely. *Id.*

And in *Fabricant*, the defendant waited forty-six days before requesting certification of the court's order. 2001 WL 883303, at *1. Like Plaintiffs here, the moving party in *Fabricant* moved to certify "without any explanation or excuse." *Id*. The court found the motion untimely and denied the certification request. *Id.* Other courts have found similar delays to be adequate bases to refuse appeals. *See, e.g.*, *Wier*, 915 F.2d at 285-87 (finding sixty-three day delay to be as "gratuitous as it was protracted" and refusing to allow appeal where defendants presented no reason for the delay); *Ferraro v. Sec'y of U.S. Dep't of Health & Human Servs.*, 780 F. Supp. 978, 979 (E.D.N.Y. 1992) (refusing request for certification after nearly two and a half month delay); *Green v. City of N.Y.*, No. 05-CV-0429 DLI ETB, 2006 WL 3335051, at *2 (E.D.N.Y.

Oct. 23, 2006) (finding "no justification for defendants' more than two-month delay in requesting certification"); *Shulick v. Credit Bureau Collection Servs.*, No. 02-1127, 2003 U.S. Dist. LEXIS 15545 (E.D. Pa. July 28, 2003) (finding motion for certification untimely where the defendants offered no explanation for their more than two-month delay).

Here, Plaintiffs' filed their Motion to Certify more than two months after entry of the Court's Order, and Plaintiffs offer no explanation for this delay. Consistent with the authority discussed above, the Court should deny Plaintiffs' Motion as untimely.

## II.    CONCLUSION

For the foregoing reasons, Plaintiffs' Motion should be denied.

Dated:  July 20, 2016

Respectfully submitted,
GLAXOSMITHKLINE LLC,
By its attorneys,

*/s/ Madeleine M. McDonough*
Madeleine M. McDonough
Jennifer M. Stevenson
Jennifer Stonecipher Hill
SHOOK, HARDY & BACON L.L.P.
1155 F Street NW, Suite 200
Washington, D.C. 20004
Telephone: (202) 783-8400
Facsimile: (202) 783-4211
mmcdonough@shb.com
jstevenson@shb.com
jshill@shb.com
*Admitted pro hac vice*

Mark D. Seltzer (BBO # 556341)
Joshua S. Barlow (BBO # 667472)
NIXON PEABODY LLP
100 Summer Street
Boston, MA 02110
Telephone: 617-345-1000
Facsimile: 617-345-1300
mseltzer@nixonpeabody.com
jbarlow@nixonpeabody.com

George W. Vien (BBO # 547411)
DONNELLY, CONROY & GELHAAR LLP
260 Franklin Street, Suite 1600
Boston, MA 02110
Telephone: 617-720-2880
Facsimile: 617-720-3554
gwv@dcglaw.com

*Attorneys for Defendant GlaxoSmithKline LLC*

## **CERTIFICATE OF SERVICE**

  I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to all registered participants as identified on the Notice of Electronic Filing ("NEF") and paper copies will be sent via first class mail to those identified as non-registered participants.

            */s/ Madeleine M. McDonough*
             Madeleine M. McDonough