# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| IN RE: ZOFRAN (ONDANSETRON) PRODUCTS LIABILITY LITIGATION | MDL No. 1:15-md-2657-FDS |
| This Document Relates to: | |
| KIERRA SIMMONS, et al., v. GLAXOSMITHKLINE LLC, 1:15-cv-13760-FDS | |

## MEMORANDUM AND ORDER ON PLAINTIFFS' MOTION TO CERTIFY COURT'S ORDER FOR INTERLOCUTORY APPEAL

SAYLOR, J.

### I. Background

This case is one of many consolidated in a multi-district litigation proceeding arising out of claims that the use of the drug Zofran (ondansetron) by pregnant women caused birth defects. Plaintiffs Kierra Simmons, Tia Hancock, Joanna Tyler, and Dawn Barchiesi originally filed suit in Missouri state court against defendant GlaxoSmithKline, LLC ("GSK") alleging that their use of Zofran during pregnancy caused congenital heart defects in their children. Only one of the original four plaintiffs—Kierra Simmons—is a Missouri citizen. According to the complaint, Tia Hancock is a citizen of Delaware; Joanna Tyler is a citizen of North Carolina; and Dawn Barchiesi is a citizen of Pennsylvania.

GSK removed the action to the United States District Court for the Eastern District of Missouri and moved to dismiss the claims of the three non-Missouri plaintiffs for lack of personal jurisdiction. Plaintiffs moved to remand the case for lack of subject-matter jurisdiction due to a lack of complete diversity of citizenship among the parties. The Missouri state court

stayed the case pending its transfer to this district by the Judicial Panel for Multidistrict Litigation for consolidation pursuant to 28 U.S.C. § 1407.

After the action was transferred to this Court, plaintiffs renewed their motion to remand for lack of subject-matter jurisdiction. GSK opposed, contending that the three non-Missouri plaintiffs should be dismissed for lack of personal jurisdiction.[1] Following *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), this Court exercised its discretion to consider the straightforward personal jurisdiction issue before addressing the more complex issue of subject-matter jurisdiction. *See id.* at 588. On May 4, 2016, the Court denied plaintiffs' motion to remand and granted defendant's motion to dismiss the claims of the non-Missouri plaintiffs.

Plaintiffs have moved to certify the Court's order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). For the reasons stated below, that motion will be denied.

## II. **Legal Standard**

Under 28 U.S.C. § 1292(b), otherwise unappealable district court orders may be certified for interlocutory appeal, subject to the court's discretion, if (1) the order sought to be appealed "involves a controlling question of law"; (2) "there is substantial ground for difference of opinion" regarding that question of law; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Interlocutory certification under § 1292(b) "should be used sparingly and only in exceptional circumstances." *McGillicuddy v. Clements*, 746 F.2d 76, 76 n.1 (1st Cir. 1984).

## III. **Discussion**

An interlocutory appeal requires "exceptional circumstances," but none are present here. Even assuming that the Court's May 4, 2016 order involved a controlling question of law, there

---

[1] GSK also opposed remand on the grounds that, even if the Court considered subject-matter jurisdiction first, the doctrines of fraudulent joinder and procedural misjoinder precluded a finding that the parties were not diverse.

2

is not a "substantial ground" for difference of opinion regarding that question. A substantial ground for difference of opinion exists "about an issue when the matter involves 'one or more difficult and pivotal questions of law not settled by controlling authority.'" *Philip Morris Inc. v. Harshbarger*, 957 F. Supp. 327, 330 (D. Mass. 1997) (quoting *McGillicuddy*, 746 F.2d at 76 n.1). Plaintiffs contend that there is such a ground for difference of opinion concerning the order in which courts should decide questions of personal jurisdiction and subject-matter jurisdiction. But that question has been settled by controlling authority. In *Ruhrgas*, the Supreme Court "held that there is no mandatory 'sequencing of jurisdictional issues.'" *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 431 (2007) (quoting *Ruhrgas*, 526 U.S. at 584). Courts therefore have the discretion to decide issues of personal jurisdiction before deciding whether the court has subject-matter jurisdiction, particularly when the question of personal jurisdiction is a straightforward. *Ruhrgas*, 546 U.S. at 587-88.

The fact that courts may take different approaches depending on the circumstances, with some addressing personal jurisdiction first while others turn first to subject-matter jurisdiction, does not mean that there exists a "substantial ground for difference of opinion" regarding a controlling question of law. The relevant question—the order in which courts should decide questions of personal as compared to subject-matter jurisdiction—has been answered: that order is essentially within the court's discretion. The fact that courts may exercise their discretion in different ways does not mean that there is confusion as to the relevant question of law.

Furthermore, it is far from clear that interlocutory appeal will advance the ultimate termination of this litigation. Plaintiffs contend that if the Court's May 4, 2016 order is reversed and subject-matter jurisdiction is addressed first, the case will be remanded to state court, thus disposing of the federal litigation. However, as defendant points out, it opposed remand not only on the ground of lack of personal jurisdiction, but also on the grounds that the doctrines of

fraudulent joinder and procedural misjoinder preclude a finding that the parties are not diverse. At this time, and without having addressed the merits of defendant's second argument, the contention that appeal will likely result in remand is conjectural. *See Johnson v. Watts Regulator Co.*, 1994 WL 421112 at *2 (D.N.H. 1994) (denying interlocutory appeal where, among other things, "defendant's claim that an interlocutory appeal would advance the ultimate termination of the litigation is conjecture.").

## IV.     Conclusion

For the foregoing reasons, plaintiffs' motion to certify the Court's order for interlocutory appeal (Docket No. 59) is DENIED.

**So Ordered.**

Dated:  January 27, 2017

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge